FILED
SUPERIOR COURT
OF GUAM

2013 MAR 12 PM 1: 18

CLERK OF COURT
BY:____

IN THE SUPERIOR COURT OF GUAM

GUAM YTK CORPORATION,

Plaintiff,

vs.

PORT AUTHORITY OF GUAM,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV1170-12

DECISION AND ORDER: Plaintiff's
Motion to Compel Arbitration

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 12, 2012, for a hearing on Guam YTK Corporation's ("Plaintiff") Motion to Compel Arbitration. Attorney Genevieve P. Rapadas appeared on behalf of Plaintiff. Attorney Michael F. Phillips appeared on behalf of the Port Authority of Guam ("Defendant"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

Plaintiff filed a Complaint to Compel Arbitration on October 16, 2012. The Complaint revolves around a "Development Agreement and Lease entered into on December 14, 2001." Compl. to Compel Arbitration at 1 (Oct. 16, 2012). Plaintiff's position is that all existing disputes between the parties fall within the scope of the arbitration provision in the Lease Agreement and that the entire controversy between the parties should be subject to an order by this Court compelling arbitration. *Id.* Likewise, Plaintiff concurrently filed a Motion to Compel Arbitration on October 16, 2012. On November 9, 2012, Plaintiff's Memorandum of

Points and Authorities in Support of Motion to Compel Arbitration was filed with the Court. Additionally, a Declaration of Janalynn Cruz Damian in Support of Motion to Compel Arbitration was filed on November 9, 2012.

Defendant filed an opposition to Plaintiff's Motion to Compel Arbitration on November 28, 2012. Similarly, Defendant filed an Answer to Plaintiff's Complaint to Compel Arbitration on December 14, 2012.

On December 12, 2012, the Court heard oral arguments on Plaintiff's motion. After taking the matter under advisement, the Court now issues this Decision and Order.

## DISCUSSION

Plaintiff moves the Court to compel arbitration "as required by the terms of the Lease Agreement." Mot. to Compel Arbitration at 1 (Oct. 16, 2012). The Development and Lease Agreement was entered into on December 14, 2001, between the parties "in which Plaintiff agreed to construct, operate and maintain a fisheries facility at Hotel Wharf." *Id.* Plaintiff contends that "[a]s a result of Defendant's multiple material breaches of its obligations under the Lease Agreement and its refusal to correct or recompense Plaintiff for those breaches, certain disputes have arisen between the parties." *Id.* Furthermore, Plaintiff contends that "[b]ecause there exists a written, enforceable agreement to arbitrate its disputes, Plaintiff is entitled to an order compelling arbitration." *Id.* Plaintiff specifically cites to Article 17, Section 17.1 of the Lease Agreement which provides:

> All disputes and controversies of every kind and nature between the parties to this Lease arising out of or in connection with this Lease, including but not limited to disputes concerning the existence, construction, validity, interpretation or meaning, performance, nonperformance, enforcement, operation, breach, continuance, or termination of the Lease, shall be submitted to final, binding arbitration.[1]

---

[1] Article 17, Section 17.1 of Development Agreement & Lease Between the Port Authority of Guam & Guam YTK Corporation.

*Id.* at 2.

Plaintiff argues that the Court has authority to compel arbitration pursuant to 7 GCA § 42202. On that proposition, Plaintiff contends that "the burden must fall upon the party opposing arbitration to demonstrate that an arbitration clause cannot be interpreted to require arbitration of the dispute." *Id.* at 4. Secondly, Plaintiff argues that Guam's public policy favors arbitration of disputes. *Id.* Lastly, Plaintiff argues that an enforceable and valid arbitration agreement exists which encompasses the dispute between the parties. *Id.* at 5

Defendant opposes Plaintiff's Motion to Compel Arbitration. Defendant argues that the "[t]he law is clear with respect to the very limited authority of the Port to enter into lease agreements. Without legislative authority, the Port is only authorized to make, negotiate and enter into a commercial lease 'for a term not to exceed five years.'" Def.'s Opp'n Mot. at 4 (Nov. 28, 2012). "The Agreement provides for an aggregate term of forty-five years, which includes an initial term of five years, and automatically extended terms equal to an aggregate of forty (40) years. As such, the Agreement expressly provides for a term well exceeding the legislative limit of five years. 12 G.C.A. §10105(i). Without legislative approval, the Agreement at the onset is legally questionable." *Id.* Moreover, Defendant argues that "YTK filed a Government Claim before proceeding with either its Complaint or Motion to Compel Arbitration. [Defendant goes on to assert that] YTK fails to provide the Court with statutory authority to waive the Government Claim process or a compelling reason to ignore sovereign immunity. [Lastly, Defendant contends that] [t]he Court does not maintain jurisdiction to provide YTK's requested remedy of arbitration and should deny YTK's motion and dismiss the proceedings." *Id.* at 5

"The United States Supreme Court has clarified, [w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern the formation of contracts." *Government of Guam v. PacifiCare*, 2004 Guam 17 ¶ 26 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944. 115 S. Ct. 1920, 1924 (1995)). In general, Guam law provides the following when an arbitration agreement and substantive claim is before the Court:

> **§ 42202. Arbitration Agreement and Substantive Claim Before Court.**
> (a) A court before which an action is brought in a matter which is the subject of an arbitration agreement shall, if a party so requests not later than when submitting his or her first statement on the substance of the dispute, refer the parties to arbitration unless it finds that the agreement is null and void, inoperative or incapable of being performed.
> (b) Where an action referred to in paragraph (1) of this Section has been brought, arbitral proceedings may nevertheless be commenced or continued, and an award may be made, while the action is pending before the court.

7 GCA § 42202 (2005).

Accordingly, the Court recognizes that Guam's public policies favor arbitration as an alternative dispute mechanism. However, in the instant case, the Court agrees with Defendant that the Government Claims Act is a jurisdictional bar to YTK's claims against the Port Authority of Guam. The Port Authority being a government of Guam entity, compels the Court to consider sovereign immunity. "Sovereign immunity is explicitly waived by statute for certain governmental actions that are contractual in nature or that sound in tort. The Guam Legislature has specifically provided a limited waiver of the Government of Guam's sovereign immunity through the Government Claims Act ('Claims Act'). 5 GCA §§6101, *et seq.*" *Guam Police Department v. Superior Court (Lujan)*, 2011 Guam 8 ¶ 8. It has been brought to the Court's attention that Plaintiff elected earlier to file a Government Claim on September 21, 2012.

The Court notes that the Development and Lease Agreement at issue was executed on December 14, 2001. More than five years has passed since the lease between the parties was entered into. Likewise, the record is devoid of any legislative approval. In effect, the Court examines Guam law to determine the Port Authority's powers relative to commercial leases. The Port Authority of Guam Board may:

> (i)    Notwithstanding any other provision of law, make, negotiate and enter into a commercial lease, or issue a permit or license for the use of its real property and other related facilities for a term not to exceed five years.

12 GCA § 10105(i).

Because the agreement in the case at bar exceeds five years without legislative approval, the Court finds that the arbitration clause spelled out in Article 17, Section 17.1 of Development Agreement & Lease Between the Port Authority of Guam & Guam YTK Corporation is unenforceable pursuant to 12 GCA § 10105(i). Consequently, the Court is in agreement with Defendant that if Plaintiff has a legitimate claim against the Port Authority, its exclusive remedy is the Government Claims Act.

Accordingly, the Court DENIES Plaintiff's Motion to Compel Arbitration.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Plaintiff's Motion to Compel Arbitration.

**SO ORDERED** this __12__ day of MARCH, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 1 2 2013



Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam